ISHAM v. ISHAM.

1. DIVORCE—FINDINGS OF TRIAL COURT—DE NOVO REVIEW.
   While respectful consideration is always given to the findings of fact and law by the trial judge, in divorce cases, because he has the benefit of seeing and hearing the witnesses, the Supreme Court hears equity cases *de novo* and is not bound by the findings of fact of the trial judge.

2. SAME—CUSTODY OF CHILDREN—DIVISION OF PROPERTY—EVIDENCE.
   In suit for divorce in which each claimed the other guilty of extreme cruelty, evidence was sufficient to entitle wife to decree of divorce, custody of seven-year-old daughter, half the real and personal estate, and $12.50 per week for support of child; such award for support being reviewable upon a showing of change of circumstances.

Appeal from Washtenaw; Sample (George W.), J. Submitted April 5, 1945. (Docket No. 42, Calendar No. 43,003.) Decided May 14, 1945.

Bill by Mabelle Isham against Claude Isham for a divorce on ground of extreme cruelty. Cross bill by defendant against plaintiff for decree on ground of

extreme cruelty.  Decree for plaintiff.  Defendant appeals.  Affirmed.

*Burke & Burke* and *Jacob F. Fahrner,* for plaintiff.

*Carl H. Stuhrberg,* for defendant.

Bushnell, J.  The parties hereto were married on January 16, 1935, and lived together as husband and wife until the commencement of this action in July of 1943.  A daughter was born as a result of this union, who was 7 years old at the time plaintiff filed her bill of complaint.  Plaintiff charged that her husband was guilty of extreme and repeated acts of cruelty, consisting of use of profanity towards her and physical violence.  He was also charged with not having properly supported plaintiff and their minor child, although of sufficient ability.  A recital of the details of the testimony produced will not be of benefit to anyone.

At the close of the case the trial judge filed a written opinion in which he determined that plaintiff's bill of complaint should be dismissed and a decree of divorce granted defendant upon his cross bill.  It was also determined that the custody of the minor daughter should be in the friend of the court until further order, although for the present she could remain with her mother.  The court, in this written opinion, provided for the payment by defendant of the sum of $12.50 per week for the support, education and maintenance of the minor child, and that the real estate and personal property owned by the parties "should be transferred to the child in trust."  After the filing of this opinion, a proposed decree was presented by plaintiff, to which defendant objected, and he proposed a decree, to which plaintiff

objected. A hearing was had on the proposed decrees several weeks later, after which the trial judge dictated a modified opinion in open court to the effect that he had changed his mind and determined that the decree should be given to the mother. Because of the questions raised by appellant, we quote the following:

"The decree should always issue to the mother if it is possible. Here is a woman with possibilities —I don't feel that I should come along and trample her down but should do everything possible to encourage her. I'll do the same with Claude, but it is more important to this little girl to have her mother have a clean bill of health than it is the father maybe. This mother will not make any more mistakes—even if she has made them in the past—and I am not saying that she has made them. The record is quite satisfactory to the court in that regard, but the property can be divided in half, including the bonds, the furniture and the real estate."

A decree was entered in the light of the modified opinion, from which the husband has appealed.

Admitting that courts speak only through their orders, judgments and decrees, appellant nevertheless contends that the trial judge in his first decision found plaintiff guilty of misconduct, and that by his second decision it has been—"virtually held that a woman in a divorce proceeding should be granted a decree of divorce, regardless of the merits, and that a man would not receive the same fair and impartial judgment in a divorce proceeding that he would be entitled to."

Appellant also insists that a husband earning $42 per week, whose wife at the same time is earning $45 per week, should not be required to pay $12.50 per week for the support of their child. Appellant also contends upon this record that he is entitled to a decree and the custody of the daughter.

Although respectful consideration is always given to the findings of fact and law by the trial judge, in divorce matters, because he has had the benefit of seeing and hearing the witnesses, we nevertheless are required to, and do, hear equity cases *de novo*. We are not bound by the findings of fact of the trial judge. Such review has been made of this case, and we are compelled to conclude that plaintiff established sufficient grounds to entitle her to a decree of divorce, and should have the custody of the daughter. The amount awarded in the decree for the support and maintenance of the child is not excessive, and can always be reviewed by the trial judge upon a showing of change of circumstances.

The decree is affirmed, with costs to appellee.

STARR, C. J., and NORTH, WIEST, BUTZEL, SHARPE, and BOYLES, JJ., concurred with BUSHNELL, J. REID, J., concurred in the result.